[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
Plaintiff brings this action to recover damages in connection with his termination as a truck driver by the defendant after 28 years of employment.
Count One of the revised complaint sounds in infliction of emotional damages by the employee in responding to plaintiff's complaint about a sign placed in his truck which he considered racially motivated.
Count Two claims that defendant failed to investigate or take action on the incident and terminated plaintiff in violation of General Statutes § 46a-60.
Count Three claiming a breach of implied covenant of good faith and fair dealing has been withdrawn.
Defendant moves to dismiss Counts One and Two of plaintiff's revised complaint on the ground that this court lacks subject matter jurisdiction, because plaintiff has failed to exhaust the administrative remedies provided in the collective bargaining agreement.
The first two counts allege that plaintiff, a black male, was led to believe that his employer would obtain a new "straight job" truck to accommodate his skills, the non- fulfillment of this promise; his disappointment at not being viewed "employee of the month" after being told he was defendant's best driver, his finding a cardboard package of steel plating wire on the rear of his truck with a message that read, "Collis, this is for you," which he perceived to be a racially motivated attack; the failure of the defendant to do anything followed by an angry confrontation between plaintiff and his union steward, a white male; and finally, his termination for fighting and threatening a fellow employee. CT Page 2579
These allegations set forth in Count One fall clearly within the terms and scope of Article 10 of the collective bargaining agreement, effective December 15, 1993 through December 14, 1996 which is in the court file. Plaintiff's failure to exhaust his administrative remedies is a proper basis for dismissal. SchoolAdministrators Assn. v. Dow, 200 Conn. 376, 383 (1986); Crossv. Nearine, judicial district of Hartford-New Britain at Hartford, No. CV 940 53867S (February 17, 1995, Wagner J.), Sec. 5 and cases cited.
With respect to Count Two, this court has held that failure to appear before the Commission on Human Rights and Opportunities, or to obtain a release from the Commission did not deprive this court of jurisdiction where the relief demanded such as monetary and punitive damages, was beyond the power of the Commission to grant. Cross v. Nearine, supra, Sec. VI; St.Germaine v. Ensign Bickford, 1994 WL 728828 judicial district Of Hartford/New Britain at Hartford CV 053 9310 (December 20, 1994 Wagner J.); Fritz v. Guda-Fenton Opthamology Associates,1997 WL 614592 (Super. Court No. CV 970 398021 (September 18, 1997, Silbert J.) The reasoning of these cases appears to be sound although it is recognized that other Superior Court discussions have held otherwise.
Motion to dismiss Count One granted; motion to dismiss Count Two denied.
 Wagner Trial Judge Referee